AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

SHLOMO GAVEY,

      Plaintiff,

V.

ISRAEL GOLDBERG, ISRAEL GOLDBERG PLLC, GOLDBERG & RIMBERG COUNSELORS AT LAW PLLC, GOLDBERG, RIMBERG & FRIEDLANDER, PLLC,

      Defendants.

ECF CASE

AMENDED
**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 3000 JES

TO: (Name and address of Defendant)

 ISRAEL GOLDBERG
 ISRAEL GOLDBERG PLLC
 GOLDBERG & RIMBERG COUNSELORS AT LAW PLLC
 GOLDBERG, RIMBERG & FRIEDLANDER, PLLC
 115 Broadway, 3rd Floor
 New York, New York

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

 NATHAN M. FERST, ESQ.
 350 Fifth Avenue, Suite 1000
 New York, New York 10118
 Telephone (212) 683-8055

   amended
an answer to the complaint which is served on you with this summons, within <u>twenty (20)</u> days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**        APR 0 4 2008

CLERK _[signature]_    DATE

(By) DEPUTY CLERK

※AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                  Date                         *Signature of Server*

                                               *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHLOMO GAVEY,                                              Civ. File No. 08 CV 3000

                    Plaintiff,                            **AMENDED COMPLAINT
                                                           AND JURY DEMAND**

    -against-

ISRAEL GOLDBERG, ISRAEL GOLDBERG
PLLC, GOLDBERG & RIMBERG
COUNSELORS AT LAW PLLC, GOLDBERG,
RIMBERG & FRIEDLANDER PLLC,

                    Defendant.
------------------------------------------------------------X



        Plaintiff Shlomo Gavey, by his attorney Nathan M. Ferst, shows to the Court and alleges as follows:

### PARTIES

        1.    At all times herein mentioned, Plaintiff Shlomo Gavey was and is a natural individual and a citizen of the State of Israel residing at 11 Hacharoshet Street, Ramat Gan, Israel.

        2.    Upon information and belief, Defendant Israel Goldberg was and is an attorney at law who practices before the Courts of the State of New York, having an address in this District at 115 Broadway – 3rd Floor in the County, City, and State of New York.

        3.    Upon information and belief, Defendant Israel Goldberg PLLC was and is a Professional Limited Liability Company for the practice of law having an address in this District at 115 Broadway – 3rd Floor in the County, City, and State of New York and a principal and equity holder in the other Defendants.

4. Upon information and belief, Defendant Goldberg & Rimberg Counselors at Law PLLC is a Professional Limited Liability Company for the practice of law having an address in this District at 115 Broadway – 3rd Floor in the County, City, and State of New York.

5. Upon information and belief, Defendant Goldberg, Rimberg & Friedlander, PLLC is a Professional Limited Liability Company for the practice of law having an address in this District at 115 Broadway – 3rd Floor in the County, City, and State of New York.

## JURISDICTION

6. This Court has jurisdiction of this matter pursuant to 28 USC §1332 in that Plaintiff is a citizen of Israel and Defendants are citizens of New York and the sum in controversy exceeds $75,000.00, exclusive of costs and interest.

## VENUE

7. Venue is proper in this District pursuant to 28 USC §1391(a) in that jurisdiction hereof is founded only upon diversity of citizenship and Defendants reside in this District in that they maintain an office for the practice of law in this in this District and, further, the claims made herein arise in part in this District.

## FACTS

8. Prior to meeting Defendants, Plaintiff on or about May 12, 1993 obtained in the County of Kings in the State of New York a money judgment in favor of Plaintiff and against one Abraham Gabbay ("the Judgment").

9. Plaintiff at all times was and is the holder of the Judgment.

d-67-83

2

10. Again prior to meeting Defendants, Plaintiff on May 21, 1993 effected the attachment of the lien of the Judgment to the real property known as and located at 327 Beach 144th Street in the Borough of Queens in the City of New York ("the Queens Property").

11. Again prior to meeting Defendants, Plaintiff on or about July 5, 1995 received, in reduction of the amount then due under the Judgment, One Hundred (100%) Percent of the issued and outstanding stock ("the Stock") of four (4) New York Business Corporations ("the Corporations").

12. Each of the Corporations then owned an income producing asset, to wit, the real property known as and located at 793 Flatbush Avenue, the real property known as and located at 857 Flatbush Avenue, the mortgage encumbering the real property known as and located at 2801 Mermaid Avenue, and the mortgage encumbering the real property known as and located at 864-A Flatbush Avenue, all in the Borough of Brooklyn in the City of New York ("the Brooklyn Assets").

13. The Judgment as reduced as aforesaid continued in full force and effect.

14. At or about the time that Plaintiff received the Stock as aforesaid, one Haya Gabbay was in wrongful possession and control of the Brooklyn Assets.

15. Said Haya Gabbay collected rent and mortgage payments from the Brooklyn Assets and denied Plaintiff possession or enjoyment of and income from the Brooklyn Assets.

16. In or about October of 1999, Defendant Israel Goldberg represented to Plaintiff that Defendant Israel Goldberg was skilled and experienced in commercial matters in general and in the litigation of commercial matters in particular.

17. Beginning in or about October of 1999, and thereafter, Defendant Israel Goldberg undertook for himself and for the other Defendants to: (a) effect recovery for Plaintiff of the Judgment as reduced as aforesaid; and (b) to resolve judicially in Plaintiff's favor all claims concerning title to and enjoyment and possession of and income from the Brooklyn Assets.

18. Despite undertakings by Defendants to execute the Judgment against in the Queens Property, and despite repeated demands by Plaintiff upon Defendants that Defendants execute the Judgment against the Queens Property, Defendants failed to do so.

19. Despite undertakings by Defendants to execute the Judgment against other assets or property of Abraham Gabbay, and despite repeated demands by Plaintiff upon Defendants that Defendants execute the Judgment against other assets or property of Abraham Gabbay, Defendants failed to do so.

20. Defendants did nothing to execute upon the Judgment.

21. Defendants allowed assets of Abraham Gabbay to escape execution until said assets became extinguished or severely reduced in their value.

22. Defendants allowed the Judgment to lapse on May 12, 2003.

23. After the Judgment had lapsed as aforesaid, the Queens Property was further encumbered on February 27, 2004 by a mortgage in the principal amount of $150,000.00.

24. Thereafter, Defendants effected extension of the Judgment for an additional ten years, *nunc pro tunc*, from May 12, 2003 until and including May 12,

2013, effective from May 12, 1993, in both Kings and Queens Counties in the State of New York.

25. Notwithstanding said extension of the Judgment, the aforesaid mortgage in the principal amount of $150,000.00 became a valid lien on the Queens Property superior to the lien of the Judgment.

26. Even though Defendants made their undertakings in 1999, Defendants did nothing for two (2) years until 2001 when Defendants commenced an action in the Supreme Court of the State of New York for the County of Kings for, among other things, a declaration that Plaintiff was the sole owner of those of the Brooklyn Assets described as the real property known as and located at 793 Flatbush Avenue ("793"), the real property known as and located at 857 Flatbush Avenue ("857"), and the mortgage encumbering the real property known as and located at 2801 Mermaid Avenue ("Mermaid"), all in Brooklyn, and entitled to possession, enjoyment, and all income therefrom ("the Quiet Title Action").

27. Defendants obtained Orders of the Supreme Court of the State of New York in and for the County of Kings which directed that:

(a) management, possession and control of 793, 857, and Mermaid be turned over to Plaintiff;

(b) Haya Gabbay, the party in possession and control of the Brooklyn Assets, account for and turn over to Plaintiff all rent, income and profits from 793, 857, and Mermaid, plus interest, from the date on which said Haya Gabbay had taken possession of 793, 857, and Mermaid until the date of turning 793, 857, and Mermaid over to Plaintiff;

(c) a reference be held upon Defendant Israel Goldberg's taking steps to effect same concerning the amounts due Plaintiff by reason of rents, income and profits from and waste to 793, 857, and Mermaid so that judgment could be entered in Plaintiff's favor and against Haya Gabbay; and

(d) the Sheriff of the City of New York execute all deeds and documents to transfer ownership of 793, 857, and Mermaid to Plaintiff; and

28. Upon information and belief, Defendants took no steps whatsoever to enforce the provisions of said Orders, specifically:

(a) Defendants did not seek an injunction to prevent Haya Gabbay from collecting rents and income from 793, 857, and Mermaid or otherwise oust her from possession or control of same;

(b) Defendants did not seek, by contempt or otherwise, to enforce Haya Gabbay's compliance with the Court's directive that Haya Gabbay account for and turn over to Plaintiff all rent, income and profits from 793, 857, and Mermaid;

(c) Defendants did not seek, by contempt or otherwise, to enforce Haya Gabbay's compliance with the Court's directive that management, possession and control of 793, 857, and Mermaid be turned over to Plaintiff;

(d) Defendants did not take steps to effect the holding of a reference concerning the amounts due Plaintiff by reason of rents, income and profits from and waste to 793, 857, and Mermaid and no judgment was entered in Plaintiff's favor against Haya Gabbay; and

(e) Defendants did not promptly direct the Sheriff of the City of New York to execute all deeds and documents to transfer ownership of 793, 857, and Mermaid to Plaintiff;

29. In addition to the foregoing, in the course of the Quiet Title Action, Defendants allowed the Notice of Pendency to lapse, Defendants failed to submit Orders after favorable decisions, Defendants allowed the status of the Quiet Title Action to become inactive, and, even when Defendants moved to revive the Quiet Title Action, Defendants abandoned the Quiet Title Action.

30. Upon information and belief, Haya Gabbay died on October 31, 2004.

31. Even though the Brooklyn Assets at all times generated sufficient income to meet all expenses, including, without limitation, debt service, real estate taxes, water and sewer charges, and general upkeep, Haya Gabbay and/or her Executors allowed the mortgages encumbering 793 and 857 to go into default, allowed real estate taxes and water and sewer charges to become delinquent, allowed 793 and 857 to fall into disrepair, allowed the mortgage on Mermaid Avenue to be extinguished.

32. Upon information and belief, after the death of Haya Gabbay, her Executors continued in control and possession of the Brooklyn Assets and continued to collect rent and income therefrom.

33. Upon information and belief, Defendants after the death of Haya Gabbay took no steps whatsoever to amend the caption of the Quiet Title Action to name the Executors of the Estate of Haya Gabbay as party defendants in place and stead of Haya Gabbay.

34.   Upon information and belief, Defendants after the death of Haya Gabbay took no steps whatsoever to enforce the aforesaid mandates of the Court in the Quiet Title Action favorable to Plaintiff and, further, took no steps whatsoever to enjoin or prevent rent and income from 739, 857 and Mermaid from being diverted from Plaintiff.

35.   Upon information and belief, the Sheriff of the City of New York advised Defendants that it was necessary after the death of Haya Gabbay to amend the caption of the Quiet Title Action but Defendants failed to do so, preventing the Sheriff of the City of New York from deeding 793, 857 and Mermaid to Plaintiff and enabling the Executors of the Estate of Haya Gabbay to continue to loot 793, 857 and Mermaid flaunt the Court's directive that an accounting be had and a reference held.

36.   Defendants continuously represented Plaintiff from in or about October of 1999 until March 12, 2006 when Plaintiff discharged Defendants for cause.

### FIRST CLAIM (MALPRACTICE)

37.   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through and inclusive of 36 as though same were set forth here again at length.

38.   Defendants undertook to perform their duties and undertakings with reasonable skill, care, and diligence.

39.   Solely as a result of Defendants' negligent failure to carry out their duties and undertakings, lack of skill and diligence, and acts and/or omissions, all as aforesaid:

(a)   assets against which the Judgment could have been executed have been dissipated, devalued, or extinguished; and

(b)   the Brooklyn assets have been looted, dissipated or extinguished.

d-67-83                                    8

40. Had Defendants performed their duties and undertakings with reasonable skill, care, and diligence:

(a) assets against which the Judgment could have been executed would not have been dissipated, devalued, or extinguished; and

(b) the Brooklyn assets would not have been looted, dissipated or extinguished.

41. From the time that Defendants made their undertakings as aforesaid concerning the Judgment and the Brooklyn Assets, Plaintiff never received title to the Brooklyn Properties, never received income therefrom, and never received any further recovery in further reduction of the Judgment.

42. By reason of the failure and neglect of Defendants to perform their duties and undertakings with reasonable skill, care, and diligence, Plaintiff has been damaged as aforesaid.

43. As a result of the foregoing, Plaintiff has suffered special and general damages in a sum to be determined but not less than Two and a Half Million ($2,500,000.00) Dollars, with pre and post judgment interest, and Plaintiff is entitled to exemplary damages in an amount to be fixed by the Court.

### SECOND CLAIM (FRAUD)

44. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through and inclusive of 43 as though same were set forth here again at length.

45. After undertaking to perform their duties as aforesaid, Defendants by Defendant Israel Goldberg made the following material representations and material

omissions when communicating with Plaintiff concerning the progress of said duties and the matters which they concerned:

(a)  Defendant Israel Goldberg stated repeatedly to Plaintiff, Plaintiff's Israeli attorney, Avraham Indurski, and to Plaintiff's wife Hava Gavey, that the duties which Defendants had undertaken to perform were being performed diligently and skillfully and that good progress was being made, that the case is finished, that the Sheriff's deeds to 793 and 857 will be delivered to Plaintiff shortly, and that Plaintiff will receive the monies very shortly; and

(b)  on or about November 18, 2004 and November 24, 2004, Defendant Israel Goldberg stated to Plaintiff and to Plaintiff's wife that they will receive the monies in two weeks;

(c)  on or about December 16, 2004, Defendant Israel Goldberg stated to Plaintiff and to Plaintiff's said Israeli attorney that, in order to obtain the Sheriff's deeds to 793 and 857, the sole matter left to be done was to pay the Sheriff of the City of New York a fee for same and that said fee was Five Thousand ($5,000.00) Dollars; and

(d)  Defendants never advised Plaintiff of their above-described acts and/or omissions.

47.  The above misrepresentations made by Defendant Israel Goldberg were false when made and known to be false by Defendant Israel Goldberg, and made with intent to harm Plaintiff, as follows:

(a)  the duties which Defendants had undertaken to perform were not being performed diligently and skillfully but, rather, were being neglected; good progress was

not being made but, rather, the Quiet Title Action was effectively marked inactive and no attempts were made to execute the Judgment;

(b)  the case was far from finished;

(c)  Plaintiff received no monies whatsoever;

(d)  the Sheriff's deeds to 793 and 857 were not in the process of being delivered to Plaintiff as significant work remained to be done before the Sheriff of the City of New York could deliver said deeds to Plaintiff; and

(e)  the fee charged by the Sheriff of the City of New York for delivering said deeds was $20.00 per deed and not the sum of Five Thousand ($5,000.00) Dollars as represented by Defendant Israel Goldberg.

48.  Plaintiff was ignorant of the falsity of the aforesaid representations, believed them to be true, and relied upon same and has been damaged in that Plaintiff:

(a)  paid Fifteen Thousand ($15,000.00) Dollars to Defendants at the time in which Defendants undertook to perform their duties to Plaintiff;

(b)  deposited Five Thousand ($5,000.00) Dollars with Defendants for the amount represented by Defendant Israel Goldberg to be the fee of the Sheriff of the City of New York for delivering Sheriff's deeds to 793 and 857; and

(c)  did not independently investigate the progress of the matters concerning which Defendants had undertaken to perform their duties in the belief that Defendants were satisfactorily performing their said duties and undertakings.

49.  But for the aforesaid false representations, Plaintiff would not have paid to and deposited with Defendants the monies aforesaid and Plaintiff would have sooner independently investigated the progress of the matters concerning which Defendants had

undertaken to perform their duties, discharged Defendants, and been able sooner to have steps taken to limit if not prevent the damage caused by the aforesaid acts and/or omissions of Defendants.

50. As a result of the foregoing, Plaintiff has been harmed and has suffered special and general damages in a sum to be determined but not less than Two and a Half Million ($2,500,000.00) Dollars, with pre and post judgment interest, and Plaintiff is entitled to exemplary damages in an amount to be fixed by the Court.

### THIRD CLAIM (BREACH OF FIDUCIARY DUTY)

51. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through and inclusive of 50 as though same were set forth here again at length.

52. By virtue of Defendants' undertakings as aforesaid, a confidential relationship was created between Plaintiff and Defendants.

53. Defendants owed Plaintiff the highest duty of good faith and loyalty.

54. In breach of the forgoing, Defendants;

(a) repeatedly failed and refused to communicate with Plaintiff and with others acting on Plaintiff's behalf and to keep Plaintiff apprised of the progress of the duties which Defendants had undertaken to carry out;

(b) on those occasions when Defendants did communicate, Defendants made the aforesaid material misrepresentations; and

(c) performed the above described acts and/or omissions.

55. As a result of the foregoing, Plaintiff has suffered special and general damages in a sum to be determined but not less than Two and a Half Million

($2,500,000.00) Dollars, with pre and post judgment interest, and Plaintiff is entitled to exemplary damages in an amount to be fixed by the Court.

### FOURTH CLAIM (DECLARATORY JUDGMENT)

56. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through and inclusive of 55 as though same were set forth here again at length.

57. Upon undertaking to perform their duties and undertakings as aforesaid, Defendants failed to comply with formal requisites for Defendants' doing so.

58. After undertaking to perform their duties and undertakings as aforesaid, Defendants:

(a) failed and continue to fail to provide Plaintiff with timesheets of Defendants' work and activities, despite demand therefor; and

(b) failed and continue to provide Plaintiff with a statement or statements of amounts claimed by Defendants to be due them, despite demand therefor.

59. After Plaintiff discharged Defendants for cause, Defendants made contradictory claims as to Defendants' alleged entitlement for the performance of Defendants' duties and undertakings as aforesaid.

60. In order to protect the rights of the parties, judgment of this Court is necessary declaring that Defendants are entitled to no other or further compensation, monies, or things of value from Plaintiff.

### FIFTH CLAIM (DECLARATORY JUDGMENT)

61. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through and inclusive of 60 as though same were set forth here again at length.

62. It would serve as a fraud against Plaintiff to allow Defendant Israel Goldberg to immunize himself from personal liability and otherwise limit his personal liability herein by virtue of his affiliation(s) with the remaining Defendants.

63. In order to protect the rights of the parties, judgment of this Court is necessary declaring that Defendant Israel Goldberg is not immunized from personal liability herein and that the liability of Defendant Israel Goldberg is not otherwise limited by virtue of his affiliation(s) with the remaining Defendants such that Defendant Israel Goldberg is personally liable for the acts and/or omissions aforesaid.

WHEREFORE, Plaintiff prays this Court for judgment as follows:

(a) on the first claim, awarding Plaintiff special and general damages in a sum to be determined but not less than Two and a Half Million ($2,500,000.00) Dollars, with pre and post judgment interest, and Plaintiff is entitled to exemplary damages in an amount to be fixed by the Court;

(b) on the second claim, awarding Plaintiff special and general damages in a sum to be determined but not less than Two and a Half Million ($2,500,000.00) Dollars, with pre and post judgment interest, and Plaintiff is entitled to exemplary damages in an amount to be fixed by the Court;

(c) on the third claim, awarding Plaintiff special and general damages in a sum to be determined but not less than Two and a Half Million ($2,500,000.00) Dollars,

d-67-83

14

with pre and post judgment interest, and Plaintiff is entitled to exemplary damages in an amount to be fixed by the Court;

 (d) on the fourth claim, declaring that Defendants are entitled to no other or further compensation, monies, or things of value from Plaintiff;

 (e) on the fifth claim, declaring that declaring that Defendant Israel Goldberg is not immunized from personal liability herein and that the liability of Defendant Israel Goldberg is not otherwise limited by virtue of his affiliation(s) with the remaining Defendants such that Defendant Israel Goldberg is personally liable for the acts and/or omissions aforesaid;

 (f) awarding Plaintiff his costs and disbursements herein; and

 (g) awarding Plaintiff such other and further relief as to the Court shall seem just, proper, and equitable.

Nathan M. Ferst

By:_____
Nathan M. Ferst NMF9655
Attorney for Plaintiff
350 Fifth Avenue – Suite 1000
New York, New York 10118
212-683-8055

Plaintiff hereby demands trial by jury of all issues so triable.

Nathan M. Ferst

By:_____
Nathan M. Ferst NMF9655
Attorney for Plaintiff
350 Fifth Avenue – Suite 1000
New York, New York 10118
212-683-8055

d-67-83            15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHLOMO GAVEY,                                    Civ. File No. 08 CV 3000

                        Plaintiff,

    -against-

ISRAEL GOLDBERG, ISRAEL GOLDBERG
PLLC, GOLDBERG & RIMBERG
COUNSELORS AT LAW PLLC, GOLDBERG,
RIMBERG & FRIEDLANDER, PLLC,

                        Defendant.
------------------------------------------------------------X

**AMENDED COMPLAINT
AND JURY DEMAND**

NATHAN M. FERST
ATTORNEY FOR PLAINTIFF

By:_____
NATHAN M. FERST NMF9655
350 FIFTH AVENUE, SUITE 1000
NEW YORK, NEW YORK 10118
(212) 683-8055

d-67-62