UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHLOMO GAVEY,                                    Case No. 08 CV 3000 JES

                        Plaintiff,

           -against-                             **ANSWER WITH**
                                                 **COUNTERCLAIMS**
ISRAEL GOLDBERG, ISRAEL GOLDBERG
PLLC, GOLDBERG & RIMBERG
COUNSELORS AT LAW PLLC, GOLDBERG,
RIMBERG & FRIEDLANDER, PLLC,

                        Defendants.
----------------------------------------------------------X

      Defendants ISRAEL GOLDBERG, ISRAEL GOLDBERG PLLC, GOLDBERG &

RIMBERG COUNSELORS AT LAW PLLC and GOLDBERG RIMBERG & FRIEDLANDER,

PLLC, by their attorneys, Kaufman Borgeest & Ryan LLP, for their answer to the amended

complaint:

1.    Denies knowledge or information sufficient to form a belief as to the allegations contained

in paragraph numbered and designated 1 of Plaintiff's complaint.

2.    Admit the allegations contained in contained in paragraph numbered and designated 2 of

Plaintiff's complaint.

3.    Deny the allegations contained in paragraphs numbered and designated 3 of Plaintiff's

complaint to the extent that it alleges that ISRAEL GOLDBERG PLLC is a principal and equity

holder in the other Defendants.

4.    Admit the allegations contained in contained in paragraph numbered and designated 4 of

Plaintiff's complaint.

5.    Admit the allegations contained in contained in paragraph numbered and designated 5 of Plaintiff's complaint.

6.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 6 of Plaintiff's complaint.

7.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 7 of Plaintiff's complaint.

8.    Admit the allegations in paragraph 8 only to the extent that Plaintiff obtained a money judgment against Abraham Gabbay prior to meeting Defendant and denies knowledge or information sufficient to form a belief as to the other allegations therein alleged.

9.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 9 of Plaintiff's complaint.

10.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 10 of Plaintiff's complaint.

11.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 11 of Plaintiff's complaint.

12.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 12 of Plaintiff's complaint.

13.    Cannot admit or deny the allegations in paragraph 13 of Plaintiff's complaint as it calls for a conclusion of law that is respectfully reserved to the Court for determination.

14.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 14 of Plaintiff's complaint.

15.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 15 of Plaintiff's complaint except admit that for a period of time Haya Gabay and/or parties acting at her behest collected rents.

16.   Deny the allegations contained in paragraphs numbered and designated 16 of Plaintiff's complaint.

17.   Deny the allegations contained in paragraphs numbered and designated 17 of Plaintiff's complaint except admit that efforts were taken to defend Haya Gaby's challenge to the Kings County judgment against Abraham Gavey in favor of Plaintiff and to collect the judgment to the extent that assets of Abraham Gavey were extant and to the extent that the judgment has not been satisfied by the efforts of Plaintiff's prior New York counsel Nathan M. Ferst, Esq. and Israeli counsel, Abraham Indurski.

18.   Deny the allegations contained in paragraphs numbered and designated 18 of Plaintiff's complaint.

19.   Deny the allegations contained in paragraphs numbered and designated 19 of Plaintiff's complaint.

20.   Deny the allegations contained in paragraphs numbered and designated 20 of Plaintiff's complaint.

21.   Deny the allegations contained in paragraphs numbered and designated 21 of Plaintiff's complaint.

22.   Deny the allegations contained in paragraphs numbered and designated 22 of Plaintiff's complaint.

23.   Deny the allegations contained in paragraphs numbered and designated 23 of Plaintiff's complaint except admit that Haya Gabay encumbered her portion of the property with a mortgage.

24.   Deny the allegations contained in paragraphs numbered and designated 24 of Plaintiff's complaint except admit that Defendants successfully prosecuted an action to extend the judgment of Plaintiff Shlomo Gavey against his brother Abraham Gavey a/k/a Abraham Gabbay.

25.   Deny the allegations contained in paragraphs numbered and designated 25 of Plaintiff's complaint.

26.   Deny the allegations contained in paragraphs numbered and designated 26 of Plaintiff's complaint.

27.   Admit the allegations contained in contained in paragraph numbered and designated 27 of Plaintiff's complaint to the extent that the Supreme Court, State of New York granted an application for various relief against Plaintiff and deny the other allegations set out in paragraph 27 of the complaint.

28.   Deny the allegations contained in paragraphs numbered and designated 28 of Plaintiff's complaint.

29.   Deny the allegations contained in paragraphs numbered and designated 29 of Plaintiff's complaint.

30.   Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 30 of Plaintiff's complaint except admit that Haya Gabay died.

31.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 31 of Plaintiff's complaint.

32.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered and designated 32 of Plaintiff's complaint.

33.    Deny the allegations contained in paragraphs numbered and designated 33 of Plaintiff's complaint.

34.    Deny the allegations contained in paragraphs numbered and designated 34 of Plaintiff's complaint.

35.    Deny the allegations contained in paragraphs numbered and designated 35 of Plaintiff's complaint.

36.    Admit that Plaintiff discharged Defendant and deny that the discharge was for cause.

37.    Admit or deny the allegations of paragraph 37 of Plaintiff's complaint as previously alleged herein.

38.    Admit the allegations contained in contained in paragraph numbered and designated 38 of Plaintiff's complaint.

39.    Deny the allegations contained in paragraphs numbered and designated 39 of Plaintiff's complaint.

40.    Deny the allegations contained in paragraphs numbered and designated 40 of Plaintiff's complaint.

41.    Deny the allegations contained in paragraphs numbered and designated 41 of Plaintiff's complaint.

42.    Deny the allegations contained in paragraphs numbered and designated 42 of Plaintiff's complaint.

43.    Deny the allegations contained in paragraphs numbered and designated 43 of Plaintiff's complaint.

44.    Admit or deny the allegations of paragraph 44 of Plaintiff's complaint as previously alleged herein.

45.    Deny the allegations contained in paragraphs numbered and designated 45 of Plaintiff's complaint.

46.    Cannot deny or admit as the complaint does not contain a paragraph 46.

47.    Deny the allegations contained in paragraphs numbered and designated 47 of Plaintiff's complaint.

48.    Deny the allegations contained in paragraphs numbered and designated 48 of Plaintiff's complaint.

49.    Deny the allegations contained in paragraphs numbered and designated 49 of Plaintiff's complaint.

50.    Deny the allegations contained in paragraphs numbered and designated 50 of Plaintiff's complaint.

51.    Admit or deny the allegations of paragraph 51 of Plaintiff's complaint as previously alleged herein.

52.    Cannot admit or deny the allegations of paragraph 52 of the complaint as it calls for determinations of law that are respectfully referred to the Court for determination.

53.    Cannot admit or deny the allegations of paragraph 53 of the complaint as it calls for determinations of law that are respectfully referred to the Court for determination.

54.    Deny the allegations contained in paragraphs numbered and designated 54 of Plaintiff's complaint.

55.    Deny the allegations contained in paragraphs numbered and designated 55 of Plaintiff's complaint.

56.    Admit or deny the allegations of paragraph 56 of Plaintiff's complaint as previously alleged herein.

57.    Deny the allegations contained in paragraphs numbered and designated 57 of Plaintiff's complaint.

58.    Deny the allegations contained in paragraphs numbered and designated 58 of Plaintiff's complaint.

59.    Deny the allegations contained in paragraphs numbered and designated 59 of Plaintiff's complaint.

60.    Cannot admit or deny the allegations of paragraph 60 of the complaint as it calls for determinations of law that are respectfully referred to the Court for determination.

61.    Admit or deny the allegations of paragraph 61 of Plaintiff's complaint as previously alleged herein.

62.    Deny the allegations contained in paragraphs numbered and designated 62 of Plaintiff's complaint.

63.    Deny the allegations contained in paragraphs numbered and designated 63 of Plaintiff's complaint.

## AS  FOR A FIRST AFFIRMATIVE DEFENSE

64.    Unclean hands

## AS  FOR A SECOND AFFIRMATIVE DEFENSE

65.    That prior to Defendant being retained, Plaintiff and his brother, judgment debtor Abraham Gavey
a/k/a Abraham Gabbay, entered into a pledge agreement in or about June of 1994.

66.    That under the pledge agreement the shares/stock/certificates of Ashdod Realty Corporation
(hereinafter Ashdod), 857 Flatbush Avenue Realty Inc. (hereinafter 857) and Morotal Realty Inc.
(hereinafter Morotal) were escrowed with Plaintiff's counsel.

67.    That under the terms of the Pledge Agreement if judgment debtor Abraham Gavey a/k/a Abraham
Gabbay defaulted in the payment of the Judgment by a date certain, the shares/stock/certificates of
Ashdod Realty Corporation (hereinafter Ashdod), 857 Flatbush Avenue Realty Inc. (hereinafter
857) and Morotal Realty Inc. (hereinafter Morotal) would be released to Plaintiff from escrow.

68.    Upon information and belief the shares of Ashdod, 857 and Morotal were escrowed with one of
Plaintiff's attorneys.

69.    That in or about July 12, 1994 Plaintiff filed a UCC1 security lien against the shares of Ashdod and
857..

70.    That the UCC1 security lien was filed in accordance with the terms and provisions of the
Security/Pledge Agreement aforesaid.

71.    Upon information and belief Plaintiff gave notice to judgment debtor Abraham Gavey a/k/a
Abraham Gabbay that he was in default of the terms and conditions of the Security/Pledge
Agreement aforesaid.

72.    Upon information and belief the shares of Ashdod, 857 and Morotal were released to Plaintiff.

8

73. Upon information and belief at the time the shares of Ashdod, 857 and Morotal were released to Plaintiff, Plaintiff was represented by Arie E. David, Esq.

74. Upon information and belief Arie E. David, Esq. was admitted to practice law in the State of New York in or about 1982 and is currently registered to practice law in the State of New York.

75. Upon information and belief at the time the shares of Ashdod, 857 and Morotal were released to Plaintiff, Plaintiff was represented by Nathan Ferst, Esq.

76. Upon information and belief Nathan Ferst, Esq. was admitted to practice law in the State of New York in or about 1980 and is currently registered to practice law in the State of New York.

77. Upon information and belief Plaintiff's counsel Arie E. David, Esq. used and continues to use the offices of Nathan Ferst as his New York law office.

78. Upon information and belief, at the time the Plaintiff noted the default of judgment debtor Abraham Gavey a/k/a Abraham Gabbay under the Pledge Agreement aforesaid, Arie E. David, Esq. was acting as counsel for Plaintiff with respect to the Judgment Plaintiff obtained against.

79. Upon information and belief, at the time the Plaintiff noted the default of judgment debtor Abraham Gavey a/k/a Abraham Gabbay under the Pledge Agreement aforesaid, Nathan Ferst, Esq. was acting as counsel for Plaintiff with respect to the Judgment Plaintiff obtained against.

80. That prior to Defendant being retained, Plaintiff was in possession of the shares of Ashdod, 857 and Morotal.

81. That prior to Defendant being retained, Plaintiff had become the owner of Ashdod, 857, Morotal and the assets of the corporate entities aforesaid.

82. That prior to Defendant being retained, Plaintiff's attorney failed to take all necessary actions to protect the assets of Ashdod, 857 and Morotal.

83. That prior to Defendant being retained, Arie E. David, Esq. failed to take all necessary actions to protect the assets of Ashdod, 857 and Morotal.

84. That prior to Defendant being retained, attorney Nathan Ferst, Esq. failed to take all necessary actions to protect the assets of Ashdod, 857 and Morotal.

85. That the failure of Plaintiff to protect the assets of Ashdod, 857 and Morotal included the failure of Plaintiff to manage the properties owned by the aforesaid entities, collect rents and mortgage payments from the aforementioned properties and pay franchise taxes for the aforementioned properties or otherwise act to have title to any or a portion of the assets of the entities aforesaid placed in the name of Plaintiff.

86. That by reason of the actions and failures of Plaintiff and his agents as alleged, any damage with respect to the satisfaction of the judgment from the assets of Ashdod, 857 and Morotal is a result of the conduct of Plaintiff and the malpractice of his attorneys and agents with respect to the entities aforesaid.

87. That dissipation of the assets of Ashdod, 857 and Morotal, if any, were caused by Plaintiff.

88. That the conduct aforesaid all occurred prior to Defendant being engaged to represent the interests of Plaintiff.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

89. Defendants repeat and reallege the allegations set forth in paragraphs 1 through 88 above as if fully set forth herein at length.

90. Upon information and belief, Haya Gabay and Abraham Gavey a/k/a Abraham Gabbay were the fee owners of a parcel of real property located at 327 Beach 144th Street, Rockaway Park, New York (hereinafter 327 Beach).

91.   Upon information and belief, Haya Gabay and Abraham Gavey a/k/a Abraham Gabbay owned 327 Beach as tenants by the entirety.

92.   Upon information and belief, subsequent to the entry of the judgment in favor of Plaintiff against Abraham Gavey a/k/a Abraham Gabbay, Haya Gabay commenced a divorce proceeding against Abraham Gavey a/k/a Abraham Gabbay.

93.   Upon information and belief, a judgment of divorce issued in the matrimonial proceedings between Haya Gabay and Abraham Gavey a/k/a Abraham Gabbay.

94.   That upon the judgment of divorce between Haya Gabay and Abraham Gavey a/k/a Abraham Gabbay, their ownership interest in 327 Beach was converted by law to a tenancy in common.

95.   That the judgment of divorce between Haya Gabay and Abraham Gavey a/k/a Abraham Gabbay was entered before Plaintiff engaged the services of Defendant.

96.   That in the matrimonial action between Haya Gabay and Abraham Gavey a/k/a Abraham Gabbay, a judgment issued awarding Haya Gabay all of Abraham Gavey a/k/a Abraham Gabbay's interest in 327 Beach prior to the time that Plaintiff engaged Defendant.

97.   Upon information and belief, prior to Defendant being retained by Plaintiff, Haya Gabay caused a Sheriff to issue a deed transferring title in the real property known as 327 Beach to her name.

98.   That prior to Defendant being retained, Plaintiff failed to take all necessary actions to challenge the transfer of 327 Beach to Haya Gabay to the extent that it was encumbered by the Judgment against judgment debtor Abraham Gavey a/k/a Abraham Gabbay in 327 Beach.

99.   That prior to Defendant being retained, Plaintiff failed to take all necessary actions to collect and satisfy his judgment from the interest of judgment debtor Abraham Gavey a/k/a Abraham Gabbay in 327 Beach.

100.  That prior to Defendant being retained, attorney Arie E. David, Esq. failed to take all necessary actions to collect and satisfy the judgment from the interest of judgment debtor Abraham Gavey a/k/a Abraham Gabbay in 327 Beach.

101.  That prior to Defendant being retained, attorney Nathan Ferst, Esq. failed to take all necessary actions to collect and satisfy the judgment from the interest of judgment debtor Abraham Gavey a/k/a Abraham Gabbay in 327 Beach.

102.  That prior to Defendant being retained, attorney Plaintiff failed to take all necessary actions to ensure that the judgment from the interest of judgment debtor Abraham Gavey a/k/a Abraham Gabbay in 327 Beach.

103.  That by reason of the actions and failures of Plaintiff and his agents as alleged, any damage with respect to the satisfaction of the judgment from the asset of 327 Beach is a result of the conduct of Plaintiff and the malpractice of his attorneys and agents with respect to the entities aforesaid.

104.  That dissipation of the asset of 327 Beach, if any, was caused by Plaintiff.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

105.  Defendants repeat and reallege the allegations set forth in paragraphs 1 through 104 above as if fully set forth herein at length.

106.  That in the matrimonial action between Haya Gabay and Abraham Gavey a/k/a Abraham Gabbay, a judgment was issued awarding Haya Gabay all of Abraham Gavey a/k/a Abraham Gabbay's interest in Ashdod, 857 and Morotal.

107.  Upon information and belief, prior to Defendant being retained by Plaintiff, Haya Gabay caused a Sheriff to issue a deed transferring title in the real property owned by Ashdod and 857 to her name.

108.   Upon information and belief, prior to Defendant being retained by Plaintiff, Haya Gabay caused the Sheriff to transfer the interest of Abraham Gavey a/k/a Abraham Gabbay in the asset of Morotal to her name.

109.   At the time that Defendant was engaged to represent Plaintiff the assets of Ashdod, 857 and Morotal had already been transferred out of the corporate entities and placed in the ownership of Haya Gabay.

110.   That prior to Defendant being retained, Plaintiff failed to take all necessary actions to challenge the transfer of the assets of Ashdod, 857 and Morotal to Haya Gabay.

111.   That prior to Defendant being retained, attorney Arie E. David, Esq. failed to take all necessary actions to challenge the transfer of the assets of Ashdod, 857 and Morotal to Haya Gabay.

112.   That prior to Defendant being retained, attorney Nathan Ferst, Esq. failed to take all necessary actions to challenge the transfer of the assets of Ashdod, 857 and Morotal to Haya Gabay.

113.   That by reason of the actions and failures of Plaintiff and his agents as alleged, any damage with respect to the satisfaction of the judgment from the assets of Ashdod, 857 and Morotal are a result of the conduct of Plaintiff and the malpractice of his attorneys and agents with respect to the entities aforesaid.

114.   That dissipation of the asset of Ashdod, 857 and Morotal, if any, was caused by Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

115.   Defendants repeat and reallege the allegations set forth in paragraphs 1 through 114 above as if fully set forth herein at length.

116.   Plaintiff acted in a manner that has adversely affected the collection of assets to satisfy the judgment to the extent that the inability to collect the judgment against Abraham Gavey a/k/a Abraham

Gabbay, the claim against Defendant should be reduced accordingly.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

117. Defendants repeat and reallege the allegations set forth in paragraphs 1 through 116 above as if fully set forth herein at length.

118. That Plaintiff was represented by counsel, Abraham Indurski, an attorney admitted to practice law in Israel.

119. That Abraham Indurski has been litigating the claims of Plaintiff against Abraham Gavey a/k/a Abraham Gabbay since the mid 1970's.

120. That the litigation undertaken by Abraham Indurski on behalf of Plaintiff resulted in issuance of a judgment that was entered judgment in favor of Plaintiff against Abraham Gavey a/k/a Abraham Gabbay in Israel which as of November 11. 1977 was in the amount of $134,000.00.

121. Upon information and belief, Abraham Indurski has not acted to satisfy the judgment in favor of Plaintiff by collection of the judgment from assets of Abraham Gavey a/k/a Abraham Gabbay in Israel.

122. Upon information and belief, there existed and exist assets in Israel that could be applied towards satisfaction of Plaintiff's judgment against Abraham Gavey a/k/a Abraham Gabbay.

123. That by reason of the conduct of Plaintiff and his agents and/or employees in failing to satisfy the judgment from assets owned by judgment debtor Abraham Gavey a/k/a Abraham Gabbay in Israel Defendant is entitled to an offset for any claims that it asserts as against Defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE
## DEFENSE AND FIRST COUNTERCLAIM

124.    Defendants repeat and reallege the allegations set forth in paragraphs 1 through 123 above as if fully set forth herein at length.

125.    That at the time Plaintiff retained Defendant; Plaintiff did not disclose that he had a "Pledge" Agreement with respect to the judgment he had against Abraham Gavey a/k/a Abraham Gabbay.

126.    That at the time Plaintiff retained Defendant, Plaintiff, individually and through his agents/attorneys and employees, did not disclose that he had collected any assets/money in reduction and satisfaction of the judgment.

127.    That prior to the time he retained Defendant, he, individually and through his agents/attorneys and employees, had taken ownership of all or some of Ashdod, 857 and Morotal in reduction and satisfaction of the judgment.

128.    That at the time Plaintiff retained Defendant, Plaintiff individually and through his attorneys, agents and/or employees intentionally omitted and failed to inform Defendant that there was a pledge agreement, that that judgment debtor Abraham Gavey a/k/a Abraham Gabbay violated the terms of the Pledge Agreement, that Plaintiff had given notice to judgment debtor Abraham Gavey a/k/a Abraham Gabbay that he was in default under the Pledge Agreement.

129.    That Plaintiff misrepresented the assets available for collection for satisfaction of the judgment so that he could induce Defendant to enter into a contingent retainer agreement.

130.    That at the time Plaintiff retained Defendant he, individually and through his attorneys, agents and/or employees represented that the full amount of the judgment remained unpaid.

131.    That at the time Plaintiff made the representation aforesaid; Plaintiff knew that the statement was

false.

132.    That some of the aforementioned facts were relayed to Defendant only after Plaintiff retained Defendant and commenced representing Plaintiff.

133.    That by reason of the misrepresentations of Plaintiff as aforesaid Defendant would not have entered into the retainer agreement and consented to represent Plaintiff on the terms and conditions agreed to in or about the Fall of 1999.

134.    That by reason of Plaintiff's conduct as aforesaid, Plaintiff is obligated to Defendant in an amount to be ascertained but in no event less than $500,000.00.

## AS AND FOR A EIGHTH  AFFIRMATIVE DEFENSE
## AND SECOND COUNTERCLAIM

135.    Defendants repeat and reallege the allegations set forth in paragraphs 1 through 134 above as if fully set forth herein at length.

136.    That prior to Plaintiff retaining Defendants, in or about August of 1999 Haya Gabay served Plaintiff with an Order to Show Cause to vacate the judgment entered against her then ex-husband, Abraham Gavey a/k/a Abraham Gabbay by his brother, Plaintiff Shlomo Gavey.

137.    That at the time Haya Gabay filed the Order to Show Cause in August of 1999 she had obtained a Judgment of Divorce from Abraham Gavey a/k/a Abraham Gabbay in Queens County.

138.    The decision of the court in the matrimonial proceeding between Haya Gabay and Abraham Gavey (hereinafter matrimonial) found, *inter alia*, that the judgment entered in

favor of Plaintiff Shlomo Gavey as against Abraham Gavey a/k/a Abraham Gabbay was void by reason of fraud and collusion between Abraham Gavey a/k/a Abraham Gabbay and his brother Shlomo Gavey in the obtaining of said judgment.

139.   That the decision of the Court in the matrimonial and the judgment entered thereon directed that (a) the Sheriff deed to Haya Gabay the portion of the marital residence owned by her husband, the judgment debtor Abraham Gavey to Haya Gabay; (b) the properties owned by Ashdod, 857, Mortol and 327 Beach were to be transferred to Haya Gabay; (c) that the judgment entered against Abraham Gavey by Plaintiff Shlomo Gavey be vacated and void.

140.   That both Plaintiff and his Israeli counsel, Avram Indurski traveled to New York to meet with Israel Goldberg for the purposes of retaining the services of Defendant to represent Plaintiff with respect to the Order to Show Cause of Haya Gabay to void Plaintiff's judgment and thereafter attempt to collect the judgment from judgment debtor Abraham Gavey.

141.   At the time that Plaintiff and Indurski met with Defendant they advised Nathan Ferst, Esq. was one of the attorneys representing Plaintiff's interests with respect to the collection of judgment.

142.   That Plaintiff and his Israeli counsel Indurski, at the time they met with Defendant in New York, represented to Defendant that Nathan Ferst, Esq. represented Plaintiff with respect to the judgment.

143. That Plaintiff and his Israeli counsel Indurski advised Defendant that Plaintiff and Indurski were not satisfied with the competence of Ferst to protect the interests of Plaintiff with respect to defending the challenge to the judgment.

144. That Plaintiff and Indurski informed Defendant that because they lacked confidence in Ferst, they were looking to retain Defendant to respond to the August 1999 Order to Show Cause to vacate Plaintiff's judgment.

145. That Defendant was engaged by Plaintiff to represent him with respect to the judgment aforesaid.

146. That Defendants represented Plaintiff from the fall of 1999 through March of 2006.

147. That in March of 2006, Plaintiff discharged Defendant as his counsel.

148. That at the time Plaintiff discharged Defendant as his counsel, Plaintiff directed Defendant that he take no action to prosecute, defend or otherwise act as the attorney for Plaintiff.

149. That after Plaintiff discharged Defendant, Plaintiff failed to take such action as was necessary to protect the assets of Ashdod, 857, Morotal.

150. That after Plaintiff discharged Defendant, Plaintiff failed to take such action as was necessary to protect the assets of 327 Beach.

151. That Plaintiff has failed, upon Defendant's discharge, to take all steps to ensure that the assets of the judgment debtor were not be dissipated or devalued.

152. That after Plaintiff discharged Defendant, Plaintiff failed to take such action as was necessary to collect his claims from the assets of Haya Gabay.

153. That after discharging Defendant, Nathan Ferst, Esq. appeared as the attorney for Plaintiff.

154. That after Plaintiff discharged Defendant, Plaintiff failed to take such action as was necessary to protect the assets of Ashdod, 857, Morotal and 327 Beach for the benefit of Plaintiff.

155. That after Plaintiff discharged Defendant, Plaintiff failed to take such action as was necessary to protect the assets 327 Beach for the benefit of Plaintiff.

156. That Plaintiff's attorney Nathan Ferst, Esq. has failed, upon Defendant's discharge, to take all steps to ensure that the assets of the judgment debtor were not be dissipated or devalued.

157. That by reason of the actions and failures of Plaintiff and his agents as alleged, any damage with respect to the satisfaction of the judgment and/or collection of sums that may be due Plaintiff are a result of the conduct of Plaintiff and the malpractice of his attorneys and agents.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

158. Defendants repeat and reallege the allegations set forth in paragraphs 1 through 157 above as if fully set forth herein at length.

159. That by reason of the conduct of Plaintiff as alleged Plaintiff has failed to mitigate the claimed damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

160. Defendants repeat and reallege the allegations set forth in paragraphs 1 through 159 above as if fully set forth herein at length.

161. David Aryeh and Nathan Ferst and Avram Indurski counseled Plaintiff to commence this action in malpractice against Defendant for the sole purpose of avoiding the payment of fees to Defendant.

162. That the allegations in Plaintiff's complaint contain factual misrepresentations.

163. That Plaintiff knew at the time that he made the allegations that the factual statements in the complaint that the statements were false.

164. That Nathan Ferst, Esq. knew at the time he filed the complaint with the Court that the allegations in the complaint that it contained false factual statements.

165. Upon information and belief, David Aryeh, Esq. counseled Plaintiff with respect to the complaint.

166. That David Aryeh, Esq. knew at the time the complaint was filed that it contained false factual statements.

167. That by reason of the conduct of Plaintiff and his agents as aforesaid, Plaintiff and his counsel knowingly filed a false document with the Court for the purpose of gaining a business advantage

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE
## AND THIRD COUNTERCLAIM

168. Defendants repeat and reallege the allegations set forth in paragraphs 1 through 167 above as if fully set forth herein at length.

169. That Plaintiff has wrongfully discharged Defendant.

170. That Defendant has expended out of pocket expenses in the prosecution of the estate.

171. That Plaintiff has not repaid the expenses to Defendant.

172.   That Defendants have expend more than 1,200 hours of legal time in the prosecution of the various proceedings on behalf of Plaintiff.

173.   That by reason of the wrongful discharge of Defendants, Defendants are entitled to judgment for the sums by which Plaintiff was unjustly enriched.

174.   That Defendants are entitled to judgment in an amount to be ascertained but in no event for an amount less than $500,000.00.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### AND SIXTH COUNTERCLAIM

175.   Defendants repeat and reallege the allegations set forth in paragraphs 1 through 174 above as if fully set forth herein at length.

176.   That Defendants have expended well over 1,200 hours of time in the defense and prosecution of Plaintiff's case.

177.   That upon the discharge of Defendants by Plaintiff, Defendant is entitled to recover from Plaintiff monies for the time spent on the representation of Plaintiff on a quantum meruit basis.

178.   That by reason of the foregoing there is due to Defendants a sum to be ascertained by in no event for a sum less than $600,000.00.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

178.   Plaintiff's claims are barred by the doctrine(s) of waiver, estoppel, laches, and/or unclean hands.

### AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

179.   The Defendants' alleged actions and/or omissions were ratified by Plaintiff.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

180.   The Defendants' alleged actions were not the proximate cause of Plaintiff's alleged damages.

Wherefore Defendants respectfully request that the Court issue judgment in their favor dismissing the complaint and on the first counterclaim for judgment in an amount to be ascertained but in no event less then $500,000.00 and on the second counterclaim for judgment reducing the amount of any judgment Plaintiff may obtain to the extent of any sums that were not available for satisfaction of the judgment by reason of the conduct of Plaintiff and/or his agents and on the third counterclaim for judgment in an amount to be ascertained but in no event for an amount less than $500,000.00 and on the fourth counterclaim for judgment in an amount to be ascertained but in no event less then $500,000.00 and on each counterclaim and on dismissal of the action for costs, expenses and attorney's fees and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        June 3, 2008

Respectfully Submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
    A. Michael Furman, Esq.
    Andrew S. Kowlowitz, Esq.
    *Attorneys for Defendants*
    99 Park Avenue
    New York, New York 10016
    Telephone: (212) 980-9600
    File No.: 210.052

TO:    Nathan M. Ferst, Esq.
       Attorney for Plaintiff
       350 Fifth Avenue, Suite 1000
       New York, New York 10118
       (212) 683-8055