UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHLOMO GAVEY,                                        Civ. File No. 08 CV 3000

                        Plaintiff,

  -against-

ISRAEL GOLDBERG, ISRAEL GOLDBERG
PLLC, GOLDBERG & RIMBERG
COUNSELORS AT LAW PLLC, GOLDBERG,
RIMBERG & FRIEDLANDER, PLLC,

                       Defendants.
-------------------------------------------------------------X

**PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS
UPON DEFENDANT GOLDBERG & RIMBERG
COUNSELORS AT LAW PLLC**

**PLEASE TAKE NOTICE THAT**, pursuant to Rules 26 and 34 of the Federal Rules of Civil Practice, Plaintiff Shlomo Gavey, by his attorney, Nathan M. Ferst, requests that Defendant Goldberg & Rimberg Counselors at Law PLLC produce at the offices of Nathan M. Ferst, Esq., 350 Fifth Avenue, Suite 1000, New York, New York 10118, within thirty (30) days of service if this request, the following documents for inspection and copying.

These requests are continuing in nature and require Defendant Goldberg & Rimberg Counselors at Law PLLC to produce all responsive documents which are obtained after the time of initial production in accordance with Fed. R.Civ.P.26(e).

## DEFINITIONS

A.    "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term. Documents held by lawyers,

d-68-71                                      1

consultants, or other employees or agents of plaintiffs are within plaintiffs' control for the purposes of this request.

B. The terms "refer," "reflect," or "relate" mean directly or indirectly mentioning, discussing or described, pertaining to or being connected with, a stated subject matter.

C. The term "including" means including but not limited to the item or items indicated.

D. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

E. "Plaintiff" refers to plaintiff Shlomo Gavey.

## INSTRUCTIONS

A. The instructions and definitions set out in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York are incorporated by reference into this document request.

B. As to each document produced, identify the particular paragraph(s) or subparagraph(s) of this request to which the document is responsive.

C. It is requested that plaintiffs fully restate each document request before setting forth the answer.

D. If you claim that a responsive document is privileged, submit a written statement for each such document, pursuant to Local Civil Rule 26.2, that to the extent known:

    1) identifies the person(s) who authored the document;

    2) identifies the address(es) and recipients;

    3)    describes the type of document (e.g., letters, memoranda, notices, etc.), including appendices, attachments and the number of pages;

    4)    describes the general subject matter of the document;

    5)    gives the date of the document; and

    6)    states the nature of and basis for the privilege asserted.

E.    If a responsive document has been destroyed, submit a written statement for each such document that to the extent known:

    1)    identifies the person(s) who authored the document;

    2)    identifies the address(s) and recipients;

    3)    describes the type of document (e.g., letters, memoranda, notices, etc.), including appendices, attachments and the number of pages;

    4)    describes the general subject matter of the document;

    5)    gives the date of the document.

## DOCUMENTS TO BE PRODUCED

1.    Retainer or engagement letter between Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC and Plaintiff by which Plaintiff signed or otherwise obligated himself to the terms by which Plaintiff would be represented by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC.

2.    All other documents pertaining to terms of such representation.

3. Records of all payments made by Plaintiff to Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC.

4. Records of all trust monies given to Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC by or on behalf of Plaintiff.

5. Records of all payments made out of trust account(s) by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC on behalf of Plaintiff.

6. Records of all payments made by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC on behalf of Plaintiff out of non-trust accounts.

7. All invoices, bills, or statements rendered by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC to Plaintiff.

8. All records of work performed such as time sheets or other data maintained by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC for all work done concerning Plaintiffs.

9. All journals, diaries, notes and records maintained by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or

employee of Defendant Goldberg & Rimberg Counselors at Law PLLC concerning Plaintiff.

10. All diaries or other documents of Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC from which one can ascertain meetings, services rendered, and/or telephone calls by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC with Plaintiff or concerning Plaintiff.

11. Log of all telephone conversations between Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC with Plaintiff.

12. Telephone records of Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC with anyone concerning Plaintiff.

13. Records of all disbursements made by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC with reference to Plaintiff.

14. Proof of payment by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC of all disbursements made by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director,

agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC with reference to or in connection with Plaintiff.

15. Proof of any payment by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC to the Sheriff of the City of New York concerning Plaintiff.

15. All records of meetings by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC with Plaintiff or any person acting on behalf of or representing plaintiff

16. All correspondence between Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC and Plaintiff and/or anyone acting on behalf of Plaintiff or representing Plaintiff.

17. All correspondence between Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC and any third-party concerning Plaintiff.

18. Tape recordings and any transcription of same of any conversations between Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC with Plaintiff.

19. Tape recordings and any transcription of same of any conversations between Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder,

director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC with anyone concerning Plaintiff.

with Plaintiff.

20. Notes of any conversations between Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC with Plaintiff.

21. Notes of any conversations between Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC with anyone concerning Plaintiff.

22. All records concerning deadlines in matters pertaining to Plaintiff.

23. All records concerning extension of Judgment entered on May 12, 1993 in favor of Plaintiff and against Abraham Gabbay in the Office of the Clerk of the County of Kings under Index No. 11055/93.

24. All records concerning actions taken by Defendant Goldberg & Rimberg Counselors at Law PLLC and/or each officer, shareholder, director, agent and/or employee of Defendant Goldberg & Rimberg Counselors at Law PLLC to execute Judgment entered on May 12, 1993 in favor of Plaintiff and against Abraham Gabbay in the Office of the Clerk of the County of Kings under Index No. 11055/93.

25. All records, documents, and diary entries concerning premises 327 Beach 144th Street, Queens, New York.

26. All records, documents, and diary entries concerning premises 459 Tremont Avenue, Bronx, New York.

27. All records, documents, and diary entries concerning premises 43 Sheffield Avenue, Brooklyn, New York.

28. All records, documents, and diary entries concerning premises 793 Flatbush Avenue, Brooklyn, New York.

29. All records, documents, and diary entries concerning premises 857 Flatbush Avenue, Brooklyn, New York.

Dated: New York, New York
May 30, 2008

Nathan M. Ferst (9655)

By: _____
Attorney for Plaintiff Shlomo Gavey
350 Fifth Avenue, Suite 1000
New York, New York 10118
(212) 683-8055