# FURMAN KORNFELD & BRENNAN LLP

545 Fifth Avenue, Suite 401, New York, NY 10017
Tel: 212-867-4100  Fax: 212-867-4118
www.fkbllp.com

July 22, 2008

**VIA ECF and FIRST CLASS MAIL**

The Honorable John E. Sprizzo
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Shlomo Gavey v. Israel Goldberg et al.*
              United States District Court, Southern District of New York
              Civil Action No.: 08 CV 3000 (JES)
              FKB File No.: 302.002

Dear Judge Sprizzo:

       This Firm represents Israel Goldberg, Israel Goldberg PLLC, Goldberg & Rimberg Counselors at Law PLLC, Goldberg, Rimberg & Friedlander PLLC, named defendants in the above-captioned matter (hereinafter "Goldberg Defendants"). We write pursuant to your Honor's individual practice rules to request a pre-motion conference seeking leave of the Court to file a third-party Complaint against Nathan M. Ferst, Esq., Abraham Indurski, Esq., and Arie E. David, Esq. pursuant to Fed. Rule Civ. Proc. 14.

       In sum, the gravamen of plaintiff's claim vis-à-vis the Goldberg Defendants arises from the Goldberg Defendants' representation of plaintiff between 1999 – 2006. The Goldberg Defendants were retained with respect to the collection of certain assets consisting of real property in satisfaction of a judgment plaintiff obtained against his brother, Abraham Gabbay, in Israel. The Israeli judgment was converted to a New York judgment in 1993, prior to the Goldberg Defendants' involvement. Plaintiff alleges, among other things, that the Goldberg Defendants were negligent in discharging their duties, and permitted the assets of Abraham Gabbay to be dissipated and escape execution.

       The Goldberg Defendants now seek leave of this Court to file a Third-Party Complaint against Nathan Ferst, Esq., Abraham Indurski, Esq., and Arie E. David, Esq. Each of the aforementioned attorneys represented and assisted (and continue to assist) plaintiff with respect to the collection and execution of Abraham Gabbay's assets, in satisfaction of the Judgment.

*Gavey v. Israel Goldberg et al.*
FKB File no. 302.002
Page 2

      Nathan Ferst, Esq. represented plaintiff for a total of seven (7) years with respect to the collection of Abraham Gabbay's assets, in satisfaction of the Judgment - the very same undertaking the Goldberg Defendants were retained to perform. In 1994, Mr. Ferst was initially retained by plaintiff, and continuously represented plaintiff until the time of his discharge in 1999. The Goldberg Defendants were then retained to represent plaintiff with respect to the collection of the very same assets from 1999 through 2006. After the Goldberg Defendants were discharged as counsel in 2006, Mr. Ferst resumed his representation of plaintiff and remains counsel of record to plaintiff. Thus, to the extent that plaintiff alleges that the Goldberg Defendants failed to marshal, collect and prevent the dissipation of Abraham Gabbay's assets, Nathan Ferst, Esq., both in his role as predecessor and successor counsel, caused and/or contributed to the very same alleged damages. Mr. Ferst is also counsel to plaintiff with respect to the instant legal malpractice action.

      With respect to Abraham Indurski, Esq., Mr. Indurski was and remains plaintiff's Israeli counsel. Mr. Indurski acted as a liaison between plaintiff and the Goldberg Defendants. Mr. Indursky met with plaintiff and the Goldberg Defendants on multiple occasions, both in New York and Israel, to discuss the case, strategy, and analyze and review pleadings and documents. Mr. Indursky, along with plaintiff, failed to properly, accurately disclose and represent the value and nature of the assets available for collection in satisfaction of the Judgment. Had the true nature and value of the assets been accurately disclosed, Goldberg Defendants would have never agreed to the fee arrangement agreed upon. Moreover, Mr. Indursky was also negligent in the discharge of his duties and contributed to and/or caused plaintiff to suffer damages, as Mr. Indursky failed to levy and collect on Abraham Gavey's assets located in Israel, which could have been used to satisfy the very same Judgment.

      Arie E. David, Esq. maintains an office with Nathan Ferst, Esq. and has acted, advised, and represented the interests of plaintiff with respect to the collection of the assets in satisfaction of the Judgment. Thus, Mr. David caused and/or contributed to the very same damages alleged in the instant action.

      We note that no previous request has been made. I am available to conference at the Court's convenience. I thank you for the Court's attention.

      Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

Andrew S. Kowlowitz

*Gavey v. Israel Goldberg et al.*
FKB File no. 302.002
Page 3

cc:   Nathan M. Ferst, Esq.
      Attorney for Plaintiff
      350 Fifth Avenue, Suite 1000
      New York, New York 10118