UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                         :

SHLOMO GAVEY,                    :  Index No.: 08 Civ. 3000 (JES)
              Plaintiff,    :

                         :
     -against-               :
                         :
ISRAEL GOLDBERG, ISRAEL GOLDBERG PLLC,  :
GOLDBERG & RIMBERG COUNSELORS AT LAW  :
PLLC, GOLBERG, RIMBERG & FRIEDLANDER PLLC,:
                         :
            Defendants.    :

                         :
                         :
-------------------------------------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT AGAINST NATHAN M. FERST, ESQ., ABRAHAM INDURSKI, ESQ., AND ARIE E. DAVID, ESQ.

FURMAN KORNFELD & BRENNAN LLP
Attorneys for Goldberg Defendants
545 Fifth Avenue, Suite 401
New York, New York 10017
(212) 867-4100
File No.: 302.002

Of Counsel:

A. Michael Furman, Esq.
Andrew S. Kowlowitz, Esq.

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ii

PRELIMINARY STATEMENT ......................................................................................1

STATEMENT OF FACTS ...............................................................................................1

LEGAL STANDARD.......................................................................................................4

 ARGUMENT

     POINT I: GOLDBERG DEFENDANTS SHOULD
     BE GRANTED LEAVE TO FILE A THIRD-PARTY
     COMPLAINT AGAINST NATHAN FERST, ESQ.,
     ABRAHAM INDURSKI, ESQ., and ARIE E. DAVID, ESQ. .................................5

     POINT II: DISCOVERY SHOULD BE STAYED PENDING
     THE OUTCOME OF THIS MOTION ....................................................................8

CONCLUSION.................................................................................................................10

i

# TABLE OF AUTHORITIES

Page(s)

Bridge Capital Investors v. Coated Sales, Inc.,
1991 WL 190552 at *1 (S.D.N.Y. 1991)..................................................................5 ,7

Christos v. Trustees of Columbia University,
94 Civ. 5030, 1995 WL 629000 at *2 (S.D.N.Y. 1995).......................................5

Gross v. Hanover Ins. Co.,
138 F.R.D 53, 54 (S.D.N.Y. 1991) .........................................................4-5,6

National City Golf Finance v. Higher Ground Country Club,
2008 WL 904728 at * 6 (S.D.N.Y. April 3, 2008) ............................................5,7

Statewide Aquastore, Inc. v. Pelseal Technologies, LLC,
007 WL 1825204 at *1 (N.D.N.Y. 2007) ............................................................9

Too, Inc. v. Kohl's Department Stores, Inc.,
213 F.R.D. 138, 140 (S.D.N.Y. 2003) ...............................................................5

WorldCrisa Corp. v. Armstrong,
    29 F.3d 71, 76 (2d Circ. 1997)...............................................................10

## STATUTES

Rule 14 (a) Fed.R.Civ.P.  ...................................................................................4

## PRELIMINARY STATEMENT

Defendants Israel Goldberg, Israel Goldberg PLLC, Goldberg & Rimberg Counselors at Law PLLC, Goldberg, Rimberg & Friedlander PLLC, (hereinafter "Goldberg Defendants") by and through their attorneys, Furman Kornfeld & Brennan LLP, respectfully move pursuant to Federal Rules of Civil Procedure 14 (a) for leave to file a third-party Complaint against Nathan M. Ferst, Esq., Abraham Indurski, Esq., and Arie E. David, Esq.

In the interest of judicial efficiency and the avoidance of prejudice and waste associated with duplicative discovery, the Goldberg Defendants also seek a stay on discovery pending the outcome of this motion.

## STATEMENT OF FACTS

The gravamen of plaintiff's claim vis-à-vis the Goldberg Defendants arises from the Goldberg Defendants' representation of plaintiff between 1999 – 2006. The Goldberg Defendants were retained with respect to the collection of certain assets consisting of real property in satisfaction of a judgment plaintiff obtained against his brother, Abraham Gabbay, in Israel. Pl. Compl. ¶¶ 16, 17. The Israeli judgment was converted to a New York judgment in 1993, prior to the Goldberg Defendants' involvement. Pl. Compl. ¶ 8.

Plaintiff alleges, among other things, that the Goldberg Defendants were negligent in discharging their duties, and permitted the assets of Abraham Gabbay to be dissipated and escape execution. Pl. Compl. ¶ 21. Plaintiff alleges that the Goldberg Defendants obtained judgments against the assets, but did nothing to execute upon the judgments, and failed to prevent Abraham Gabbay's former wife from collecting rents and income from the properties. Pl Compl. ¶¶ 27, 28.

1

Plaintiff's Complaint contains five (5) causes of action: 1) legal malpractice; 2) fraud; 3) breach of fiduciary duty; 4) declaratory judgment (precluding the Goldberg Defendants from obtaining further compensation for the legal work performed); and 5) declaratory judgment (permitting plaintiff to pierce the defendants' corporate veil and pursue Mr. Goldberg individually).   Pl. Compl. ¶¶ 37-63.

The Goldberg Defendants now seek leave of this Court to file a Third-Party Complaint against Nathan Ferst, Esq. ("Ferst"), Abraham Indurski, Esq. ("Indurski"), and Arie E. David ("David"), Esq.  Each of the aforementioned attorneys represented and assisted (and continue to assist) plaintiff with respect to the collection and execution of Abraham Gabbay's assets, in satisfaction of the Judgment.  A copy of the Third-party Complaint is annexed hereto as Exhibit "A."

Ferst represented plaintiff for a total of seven (7) years with respect to the collection of Abraham Gabbay's assets, in satisfaction of the Judgment - the very same undertaking the Goldberg Defendants were retained to perform.

In 1994, Ferst was initially retained by plaintiff, and continuously represented plaintiff until the time of his discharge in 1999.  The Goldberg Defendants were then retained to represent plaintiff with respect to the collection of the very same assets from 1999 through 2006.  After the Goldberg Defendants were discharged as counsel in 2006, Ferst resumed his representation of plaintiff and remains counsel of record to plaintiff.  Ex. A, ¶¶ 17, 23, 39.  Ferst is also plaintiff's counsel of record in the instant action.

As set forth in the Third-party Complaint, Ferst failed to take control of the corporate assets of Abraham Gabbay, and was aware, or should have been aware, that several of the corporations owned by Mr. Gabbay had been dissolved by proclamation of the New York

Department of State prior to the Goldberg Defendants' involvement, yet failed to take steps to reinstate the corporations to active status. Ex. A, ¶ 20.

To the extent that plaintiff alleges that the Goldberg Defendants failed to marshal, collect and prevent the dissipation of Abraham Gabbay's assets, Ferst, both in his role as predecessor and successor counsel, caused and/or contributed to the very same alleged damages. Ex. A, ¶¶ 50-55.

With respect to Indurski, Indurski was and remains plaintiff's Israeli counsel. Indurski first contacted Mr. Goldberg on behalf of the plaintiff in or about late August/early September 1999, seeking to retain the Goldberg Defendants. Indurski acted as a liaison between plaintiff and the Goldberg Defendants. Indurski traveled to New York to meet with plaintiff and the Goldberg Defendants on multiple occasions. Meetings also occurred in Israel. The parties discussed the case, strategy, and analyzed and reviewed pleadings and documents. Additionally, Indurski also asked the Goldberg Defendants to prepare affidavits for submission in the pending court proceedings in Israel. Those affidavits were prepared for submission in opposition to the efforts of Haya Gabay to thwart plaintiff from collecting the outstanding judgment. Ex. A., ¶¶ 23, 34, 35, 36, 47. Consequently, as result of Indurski's numerous dealings and visits to New York State in connection with this matter, jurisdiction over Indurski, who is an Israeli citizen, is proper.

At the time the Goldberg Defendants were retained, Indurski, along with plaintiff, failed to properly and accurately disclose and represent the value and nature of the assets available for collection in satisfaction of the Judgment or that assets existed in Israel, that could be levied upon and used to satisfy the judgment. Had the true nature and value of the assets been

accurately disclosed, Goldberg Defendants would have never agreed to the fee arrangement agreed upon. Ex. A, ¶¶ 31, 32, 41- 44.

Moreover, Indurski was also negligent in the discharge of his duties and contributed to and/or caused plaintiff to suffer damages, as Indurski failed to levy and collect on Abraham Gabbay's assets located in Israel, which could have been used to satisfy the very same Judgment at issue in the instant action. Ex. A, ¶¶ 47, 48.

David maintains an office with Ferst and has acted, advised, and represented the interests of plaintiff with respect to the collection of the assets in satisfaction of the Judgment. Thus, David caused and/or contributed to the very same damages alleged in the instant action. Ex. A, ¶ 22.

Moreover, as set forth in the Third-party Complaint, plaintiff, with the assistance of third-parties Ferst, Indurski, and David, entered into an agreement that the Goldberg Defendants would prosecute the underlying case to the point where the assets of Abraham Gabbay were available for collection. Thereafter, the Goldberg Defendants were discharged so that plaintiff could avoid paying the Goldberg Defendants' legal fees, which were no less than $500,000. Thus, the Goldberg Defendants also assert a claim for unjust enrichment. Ex. A, ¶¶ 57-61.


## LEGAL STANDARD

The Federal Rules of Civil Procedure allow a defending party to implead a third party "who is or may be liable to it for all or part of the claim against it." Rule 14 (a) Fed.R.Civ.P. "The purpose of the rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of plaintiff's original claim."     See     Gross v.

Hanover Ins. Co., 138 F.R.D 53, 54 (S.D.N.Y. 1991). "Rule 14 is intended to provide a mechanism for disposing of multiple claims arising from the same set of facts in one action expeditiously and economically." See Bridge Capital Investors v. Coated Sales, Inc., 1991 WL 190552 at *1 (S.D.N.Y. 1991).

Whether to grant such a motion is left to the sound discretion of the trial court, however, "[m]otions for leave to implead nonparties should be freely granted to promote efficiency unless to do so would prejudice the plaintiff or unduly complicate the trial, or would foster an obviously unmeritorious claim." See National City Golf Finance v. Higher Ground Country Club, 2008 WL 904728 at * 6 (S.D.N.Y. April 3, 2008) citing Christos v. Trustees of Columbia University, 94 Civ. 5030, 1995 WL 629000 at *2 (S.D.N.Y. 1995).

Relevant factors in determining whether to grant a movant leave to implead a third party include: (i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether the impleading would prejudice the third-party defendants; and (iv) whether the third-party complaint states a claim upon which relief can be granted. See National City Golf Finance, supra; See also Too, Inc. v. Kohl's Department Stores, Inc., 213 F.R.D. 138, 140 (S.D.N.Y. 2003).

## ARGUMENT

### POINT I

**GOLDBERG DEFENDANTS SHOULD BE GRANTED LEAVE TO FILE A THIRD-PARTY COMPLAINT AGAINST NATHAN FERST, ESQ., ABRAHAM INDURSKI, ESQ., and ARIE E. DAVID, ESQ.**

The Goldberg Defendants should be granted leave to file a Third-party Complaint since the interests of judicial efficiency would be best served if all parties involved in the underlying

claim (i.e., collection on the Judgment at issue) were parties to the instant suit. As set forth in the Third-Party Complaint, all of the proposed Third-Party Defendants, Ferst, Indurski, and David, represented – and continue to represent – the interests of plaintiff with respect to the collection of the assets in satisfaction of the Judgment, the very same undertaking the Goldberg Defendants were retained to perform.

Ferst has represented plaintiff for a total of seven (7) years with respect to the collection of Abraham Gabbay's assets, in satisfaction of the Judgment: 1994 – 1999 and 2006 through present. David maintains an office with Ferst and has acted, advised, and represented the interests of plaintiff with respect to the collection of the assets in satisfaction of the Judgment. Similarly, Indurski, plaintiff's Israeli counsel, was also negligent in failing to levy and collect on Abraham Gabbay's assets located in Israel, which could have been used to satisfy the very same Judgment at issue.

Thus, to the extent that plaintiff alleges that the Goldberg Defendants failed to marshal, collect and prevent the dissipation of Abraham Gabbay's assets, third-parties Ferst, Indurski, and David, were also responsible for, caused and/or contributed to the very same alleged damages. Accordingly, Rule 14 requires the impleading of Ferst, Indurski and David as the Goldberg Defendants have a viable claim for contribution against these third parties. ("The purpose of [Rule 14] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of plaintiff's original claim." See Gross supra.)

In addition to the third-party claim for contribution, the Goldberg Defendants also assert a claim for unjust enrichment arising out of the same set of facts, i.e., the collection of assets in satisfaction of the Judgment. Thus, the interests of judicial economy are best served through the

impleading of the third-parties as the claim for unjust enrichment may be prosecuted simultaneously. ("Rule 14 is intended to provide a mechanism for disposing of multiple claims arising from the same set of facts in one action expeditiously and economically." See Bridge Capital Investors v. Coated Sales, Inc., 1991 WL 190552 at *1 (S.D.N.Y. 1991).)

Moreover, the four relevant factors the Court must consider when determining whether to grant a movant leave to implead a third party also weigh heavily in favor of granting the Goldberg Defendants leave to implead, to wit:

(i)     whether the movant deliberately delayed or was derelict in filing the motion;

(ii)    whether impleading would unduly delay or complicate the trial;

(iii)   whether the impleading would prejudice the third-party defendants; and

(iv)    whether the third-party complaint states a claim upon which relief can be granted.

        See National City Golf Finance, supra.

Here, the Goldberg Defendant first requested leave to file the Third-Party action on July 22, 2008, prior to the commencement of discovery, and 1.5 months after the Goldberg Defendants filed their Answer to the plaintiff's Complaint, on June 5, 2008. Thus, there has been no delay in filing the instant motion to implead.

Moreover, the impleading would not delay or complicate the trial. Given that the litigation is its early stages, there would be no delay in proceeding to trial if the third-parties were impleaded. Additionally, the impleading would not result in the complication of trial. On the contrary, impleading these necessary parties, who also represented plaintiff and played an active role in the collection of the Judgment, would promote judicial efficiency and economy and prevent the need for a second trial for contribution. Further, the third-parties sought to be

impleaded are persons with actual knowledge of the matters alleged and would, in any event, be deposed as not party witnesses.

Additionally, the third-parties would not suffer any prejudice as a result of the impleading. The Third-Party Defendants would have an opportunity to pursue discovery from all parties, including the plaintiff, the Goldberg Defendants, and amongst themselves.

Lastly, the Third-party Complaint states a meritorious claim sounding both in contribution and unjust enrichment. As set forth therein, the Goldberg Defendants allege that all three third-parties represented plaintiff in connection with the very same undertaking at issue in the instant litigation (i.e., the collection of assets in satisfaction of the Judgment). Thus, to the extent that the plaintiff has suffered harm as a result of counsel's inability to collect and seize assets, the third-parties are also at fault. Further, the failure of the proposed third-party plaintiffs (who were hired by plaintiff and acted as his agents) to take appropriate action with respect to the preservation and collection of the assets relates directly to the efficacy of the claimed damages and responsibility, if any, to plaintiff with respect to collection of the judgment. In addition, as discussed, the Goldberg Defendants also assert a meritorious claim for unjust enrichment arising from unpaid fees.

Therefore, the Goldberg Defendants respectfully request that this Court grant their motion seeking leave to file a Third-Party Complaint against Ferst, Indurski, and David.


## POINT II

## DISCOVERY SHOULD BE STAYED PENDING THE OUTCOME OF THIS MOTION

It is well settled that a district court has discretion to stay a case pursuant to "the power inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for its self, for counsel and for litigants." See Statewide Aquastore, Inc. v. Pelseal Technologies, LLC, 2007 WL 1825204 at *1 (N.D.N.Y. 2007) *citing* WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Circ. 1997).

"In determining whether the movant has met its burden of showing necessity for the stay, district courts consider several factors, including (but not limited to) whether the movant would be prejudiced if the stay were not granted, whether the non-movant would be prejudiced if the stay were granted, whether the stay is expected to be of a reasonable duration, and whether the movant has taken, or will take, any steps to hamper the progress of the action." See Statewide Aquastore, at *1.

Here, the Court should stay discovery pending the outcome of this motion since the interests of judicial economy and efficiency heavily weigh in favor of a stay. Given the possibility that the third-parties, Ferst, Indurski and David, may become litigants, the third-parties may indeed wish to engage in discovery themselves, including written discovery and depositions of the plaintiff and the Goldberg Defendants. Proceeding with discovery during the pendency of this motion will result in waste/inefficiency if the potential third-party defendants are not involved in the discovery process. The Goldberg Defendants will face prejudice, including the unnecessary costs of, and time associated with, duplicative discovery, including two separate rounds of depositions and written discovery. Conversely, plaintiff will face minimal prejudice, if any at all, as a result of the brief delay, particularly as the proposed third parties will have to be deposed as fact witnesses.

Additionally, plaintiff's present counsel, Third-Party Ferst, a primary actor as attorney for plaintiff and as a fact witness, may be disqualified from serving as counsel should the Court determine that he is a necessary party to the litigation. In that instance, a stay would avoid the

costs and prejudice associated with duplicative discovery as well, as new counsel would necessarily need to be "brought up to speed." Worth noting, counsel for the Goldberg Defendants has previously advised plaintiff's counsel (Ferst) that proceeding with discovery would be imprudent in light of the potential impleader action. A copy of Andrew Kowlowitz, Esq.'s July 29, 2008 letter is annexed hereto as Exhibit "B."

Lastly, the duration of the stay would be brief and limited to the time in which it takes the Court to decide the instant motion.

Accordingly, for the reasons stated herein, the Goldberg Defendants respectfully requests that this Court stay discovery pending the outcome of the motion seeking leave to file a Third-Party Complaint.

## CONCLUSION

Therefore, for the reasons stated herein, the Court should grant the Goldberg Defendants' motion to implead third-parties, Ferst, Indurski and David, and stay discovery pending the outcome of this motion.

Dated: New York, New York
      August 22, 2008

FURMAN KORNFELD & BRENNAN LLP

By:    A. Michael Furman
         Andrew S. Kowlowitz
         Attorneys for Goldberg Defendants
         545 Fifth Avenue, Suite 401
         New York, New York 10017
         Telephone No.: (212) 867-4100
         FKB File No.: 302.002

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SHLOMO GAVEY,                                    Case No. 08 CV 3000 JES

                    *Plaintiff,*

         -against-

ISRAEL GOLDBERG, ISRAEL GOLDBERG PLLC,           THIRD PARTY COMPLAINT
GOLDBERG & RIMBERG COUNSELORS AT LAW
PLLC, GOLDBERG, RIMBERG & FRIEDLANDER
PLLC,

                    *Defendants.*
-----------------------------------------------------------------------X

ISRAEL GOLDBERG, ISRAEL GOLDBERG PLLC,
GOLDBERG & RIMBERG COUNSELORS AT LAW
PLLC, GOLDBERG, RIMBERG & FRIEDLANDER
PLLC,

                    *Defendants/Third-Party Plaintiffs,*

         -against-


ABRAHAM INDURSKI, ESQ., NATHAN M. FERST, ESQ
ARIE E. DAVID, ESQ.,

                    *Third-Party Defendants.*
-----------------------------------------------------------------X


         The Defendants/Third-Party Plaintiffs ISRAEL GOLDBERG, ISRAEL GOLDBERG

PLLC, GOLDBERG & RIMBERG COUNSELORS AT LAW PLLC, GOLDBERG, RIMBERG

& FRIEDLANDER PLLC, by and through their attorneys, FURMAN KORNFELD &

BRENNAN LLP, as and for a Third-Party Complaint against the Third-Party Defendants

ABRAHAM INDURSKI, ESQ., NATHAN M. FERST, ESQ. and ARIE E. DAVID, ESQ

alleges upon information and belief:

## AS AND FOR A THIRD PARTY COMPLAINT AGAINST
## NATHAN M. FERST, ESQ., ABRAHAM INDURSKI and ARIE E. DAVID

1.      That Nathan M. Ferst (hereinafter "Ferst") is an attorney admitted to practice law in the State of New York.

2.      That Third-Party Defendant Ferst maintains an office for the practice of law at 121 East 31st Street, Suite 3A, New York, New York 10016.

3.      That ARIE E. DAVID (hereinafter "David") is an attorney admitted to practice law in the State of New York.

4.      That Third-Party defendant David maintains an office for the practice of law at 121 East 31st Street, Suite 3A, New York, New York 10016.

5.      That Third-Party Defendant Ferst and David maintain offices for the practice of law out of the same location.

6.      That Third-Party Defendant Abraham Indurski, Esq. (hereinafter "Indurski") is an attorney admitted to practice law in the Country of Israel and is a resident and domiciliary of the Country of Israel.

7.      That Third-Party Defendant Indurski has come to New York to transact business with respect to the representation and prosecution of the claims of Plaintiff Shlomo Gavey and, therefore, jurisdiction is proper.

8.      That the allegations set out in the Counterclaim of Defendants are incorporated herein by reference and stated as if more full set out herein.

9.      That prior to the time that Defendants/Third-Party Plaintiffs were retained to represent Plaintiff Shlomo Gavey, Ferst represented Shlomo Gavey and acted to collect the aforesaid judgment.

10.    That prior to the time that Defendants/Third-Party Plaintiffs were retained to represent Plaintiff Shlomo Gavey, Indurski was the attorney for Shlomo Gavey in Israel and obtained a judgment for Shlomo Gavey against Abraham Gavey in the District Court of Tel Aviv, Israel. That Israeli judgment was issued in or about 1989.

11.    That in 1993 an action was commenced by Shlomo Gavey to convert his Israeli judgment into an American judgment against Abraham Gabay.  That the action to convert the Israeli judgment into an American judgment was filed under Kings County Index Number 11055/93 in an action captioned SHLOMO GAVEY v. ABRAHAM GABBAY.[1]

12.    Upon information and belief Third-Party Defendant Indurski came to New York and met with New York Counsel to assist in the application to convert the Israeli judgment to a New York Judgment.

13.    That the action to convert the Israeli judgment to a New York judgment was successful and on May 12, 1993 a final judgment in favor of Shlomo Gavey and against Abraham Gabbay in the amount of $1,033,936 was docketed with the Supreme Court, Kings County Clerk.

14.    Thereafter Abraham Gabay and Shlomo Gavey entered into an agreement with respect to payment and satisfaction of the judgment by Abraham Gabay that the agreement was memorialized by a pledge agreement pursuant to which the stock certificate of several corporate entities, to wit: Ashdod Realty Corporation (hereinafter Ashdod), 857 Flatbush Avenue Realty Inc. (hereinafter 857) and Morotal Realty Inc. (hereinafter Morotal) were delivered to an attorney to be held in escrow and released upon an event of default in the payment of the judgment by Abraham Gabay.

---

[1] Abraham Gabbay and Abraham Gavay is the same person.

3

15. That in or about 1994, Abraham Gabay defaulted in payment of the judgment and Shlomo Gavey, through his attorney, sent a notice of default to Abraham Gabay and took possession of the stock and the corporate assets of Ashdod, 857 and Morotal.

16. That at the time Plaintiff Shlomo Gavey was given the pledge agreement by Abraham Gabay, he caused a UCC1 to be filed against the assets of the corporations pledged as security for payment of the judgment. That at the time Plaintiff Shlomo Gavey was given the pledge agreement and at the time he took possession of the stock of Ashdod, 857 and Morotal, the corporate entities owned the following assets: 1) 857 owned 857 Flatbush Avenue, Brooklyn, New York; 2) Ashdod owned 793 Flatbush Avenue, Brooklyn, New York; and 3) Morotal owned a first mortgage on the property known by the street address of 2801 Mermaid Avenue, Brooklyn, New York.

17. That between the years 1994 and 1999, Plaintiff Shlomo Gavey had entered into a retainer agreement with Ferst pursuant to which Ferst was retained to collect the assets of Abraham Gabay in satisfaction of the judgment.

18. Upon information and belief Third-Party Defendant Ferst did not collect assets of Abraham Gabay to satisfy or pay down the judgment. Further, during the time that Third-Party Defendant Ferst represented Shlomo Gavey prior to October of 1999, he knew that Shlomo Gavey did not take physical possession of the assets of the corporate entities known as Ashdod, 857 and Morotal.

19. That during the course of Third-Party Defendant Ferst's representation of Shlomo Gavey, he was aware that the assets and properties of Ashdod, 857 and Morotal were not under the control of Shlomo Gavey. Third-Party Defendant Ferst had actual knowledge that control of the corporate assets were under the control of Abraham Gabay and/or Haya Gabay and that the income and revenue of the corporate assets aforesaid were not being paid to Shlomo Gavey.

20.   That prior to October 1999, Third-Party Defendant Ferst failed to take control of the corporate assets that had transferred to Shlomo Gavey upon his defaulting of Abraham Gabay pursuant to the terms of the pledge agreement.  Further Third-Party Defendant Ferst was aware or should have been aware that the corporations known as of Ashdod, 857 and Morotal were dissolved by proclamation of the New York State Department of State and that Ferst took no steps to reinstate the corporations to active status.

21.   That in or about August 1999, Haya Gabay, the former spouse of judgment debtor Abraham Gabay, filed an Order to Show Cause in the Kings County action in which the Israeli judgment was converted to a New York judgment.  The Order to Show Cause filed by Haya Gabay asked the Court to set aside the judgment based on a determination in her divorce action, filed in Queens County under Index Number 21156/1990 wherein the Court ruled that the Israeli judgment docketed in New York by Plaintiff Shlomo Gavey against Haya Gabay's former spouse Abraham Gabay was void as the product of fraud.

22.   That at all times hereinafter mentioned Third-Party Defendant David acted, advised and represented the interests of Shlomo Gavey with respect to the collection of the Judgment in New York.  That upon information and belief Third-Party Defendant David acted with Ferst and Indurski with respect to collecting the Judgment on behalf of Shlomo Gavey.

23.   In or about September of 1999, Defendant Indurski contacted Defendant/Third-Party Plaintiff Israel Goldberg, Esq. (hereinafter "Goldberg") seeking to retain the services of Defendants/Third-Party Plaintiffs to interpose an answer to the August 1999 Order to Show Cause filed by Haya Gabay.

24.   Third-Party Defendant Indurski forwarded the Order to Show Cause to Goldberg and contacted Goldberg to explain how it was that the judgment was not the product of fraud and also

asked if Goldberg would agree to be retained to represent Plaintiff Shlomo Gavey in the collection of the judgment.

25.    Third-Party Defendant Indurski advised Goldberg that Shlomo Gavey had used the services of Third-Party Defendant Ferst in the collection of the judgment but that both he (Indurski) and Plaintiff Shlomo Gavey were of the opinion that Third Party Defendant Ferst was not capable of responding to the Order to Show Cause filed by Haya Gabay and that Third-Party Defendant Ferst was not up to the task of doing what was necessary to collect the judgment.

26.    During the initial conversations with Indurski, he represented that he had authority to speak for Plaintiff Shlomo Gavey. Goldberg proposed that payment for legal services be on a straight hourly rate. Third-Party Defendant Indurski stated that he was counsel for Shlomo Gavey for many years and that he was a close personal friend of Shlomo Gavey and he represented that Plaintiff Shlomo Gavey could not afford to pay legal fees on an hourly rate.

27.    Third-Party Defendant Indurski suggested that the fee agreement be a straight contingency.  Indurski represented that the judgment amount was in excess of $1.7 Million Dollars which sum included principal and accrued interest.  Third-Party Defendant Indurski represented that the United States assets of judgment debtor exceeded $1.5 Million Dollars.

28.    Based on the representations of Third-Party Defendant Indurski an agreement was reached whereby Plaintiff Shlomo Gavey would pay a $15,000.00 retainer and a contingency of one-third of all sums recovered in satisfaction of the judgment plus all costs and expenses of the litigation and collection.

29.    The retainer agreement was negotiated with and agreed to by Third-Party Defendant Indurski representing that he had authority to enter into the agreement on behalf of Plaintiff Shlomo Gavey.

30.   That Third-Party Defendant Indurski informed Third Party Plaintiff that Shlomo Gavey could not afford to pay an initial fee of $15,000.00 and asked that it be reduced to $10,000.00 and that the agreement otherwise would remain intact.   The parties reached an accord and Plaintiff Shlomo Gavey paid the initial $10,000.00 retainer fee.

31.   At the time that Plaintiff Shlomo Gavey retained Defendants/Third-Party Plaintiffs, neither Plaintiff nor Third-Party Defendant Indurski informed Defendants/Third-Party Plaintiffs that judgment credit debtor Abraham Gabay had defaulted on his pledge agreement and that the stock certificates for Ashdod, 857 and Morotal had been released to Plaintiff.

32.   At the time Plaintiff retained Defendants/Third-Party Plaintiffs, both Plaintiff Shlomo Gavey and Indurski led Defendants/Third-Party Plaintiffs to believe that the assets of Abraham Gabbay remained uncollected and were available to satisfy the judgment.   In efforts to convince Defendants/Third-Party Plaintiffs to take on the case and represent Shlomo Gavey, both Plaintiff Shlomo Gavey and Third-Party Defendant Indurski misstated the assets available for collection.

33.   That at the time Plaintiff retained Defendants/Third-Party Plaintiffs, Plaintiff offered as a bonus for any collection in excess of $1 Million Dollars an all expense paid trip to Paris for Goldberg and his family.

34.   Prior to Haya Gabay's Order to Show Cause being argued, Plaintiff Shlomo Gavey and Third-Party Defendant Indurski traveled to New York and met with Goldberg to discuss the response to the order to Show Cause, review documents and formulate a strategy and review the law as applied to the particular facts and circumstances of the case at bar.

35.   That Plaintiff and Third-Party Defendant Indurski met at the law offices of Defendants/ Third-Party Plaintiffs on several occasions to review documents and discuss the case and strategy of the case.   That Plaintiff and Third-Party Defendant Indurski brought to the meetings a New

7

York attorney with whom they had dealings and requested that Goldberg with her the various issues relating to the response to the Order to Show Cause of Haya Gabay.

36.   That during the course of the litigation commencing with the filing of the Order to Show Cause by Haya Gabay in August 1999 and the time that Defendants/Third-Party Plaintiffs were discharged, Goldberg met with Plaintiff Shlomo Gavey and Third-Party Defendant Indurski on a number of occasions.  Those meetings took place in New York State and in Israel.

37.   That Defendants/Third-Party Plaintiffs successfully defended the attempt by Haya Gabay to void the judgment by reason of fraud and over the course of seven (7) years of litigation succeeded in thwarting the attempts by Haya Gabay to frustrate the judgment in the New York State, Supreme Court, Appellate Division Second Department and Bankruptcy Court in the Eastern District of New York and successfully prosecuted an action to transfer the assets of Ashdod, 857 and Morotal.

38.   That in or about March 2006, Plaintiff Shlomo Gavey obtained a judgment for waste by Haya Gabay with respect to the assets of Ashdod, 857 and Morotal.

39.   That in or about March 2006, Plaintiff Shlomo Gavey discharged Defendants/Third-Party Plaintiffs and rehired Ferst, the attorney he said he fired in 1999 for incompetence, to wit: Third-Party Defendant Ferst.

## AS AND FOR A FIRST CAUSE OF ACTION

40.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41.   That at the time Plaintiff Shlomo Gavey and Third-Party Defendant Indurski discussed the retainer they led Defendants/Third-Party Plaintiffs to believe that the only assets available to satisfy the judgment were located in the United States.

8

42.   That at the time Plaintiff Shlomo Gavey and Third-Party Defendant Indurski negotiated the retainer agreement with Defendants/Third-Party Plaintiffs, they did not disclose that Plaintiff Shlomo Gavey had already taken possession of certificates of Ashdod, 857 and Morotal from escrow and that by reason thereof he was the owner of the corporate entities and their assets.

43.   That at the time Plaintiff Shlomo Gavey and Third-Party Defendant Indurski negotiated the retainer with Defendants/Third-Party Plaintiffs, they did not disclose that there existed assets in Israel that could be levied upon and used to satisfy the judgment.

44.   That Plaintiff Shlomo Gavey and Third-Party Defendant Indurski knew that had they made true and accurate disclosures, Defendants/Third-Party Plaintiffs would not have agreed to the fee arrangement agreed upon.  That they withheld the information to entice Defendants/Third-Party Plaintiffs into being retained by overstating the amount of the assets that could be collected and applied towards reduction of the judgment.

45.   That by reason of the conduct of Third-Party Defendant Indurski as aforesaid, he is obligated to Defendants/Third-Party Plaintiffs in an amount to be ascertained but in no event less than $500,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

46.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47.   That subsequent to retaining Defendants/Third-Party Plaintiffs, Third-Party Defendant Indurski sought the assistance of Defendants/Third-Party Plaintiffs in the collection of an apartment in Israel to be used towards reduction of the outstanding judgment.

48.   That to the extent that Third-Party Defendant Indurski failed to or has collected money or assets in Israel on account of the judgment, his actions in failing to collect such sums were due

9

to his negligence and judgment should enter against Third-Party Defendant Indurski for contribution to the extent that he has failed to collect assets in reduction of the judgment.

## AS AND FOR A THIRD CAUSE OF ACTION

49.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50.   That prior to the retention of Defendants/Third-Party Plaintiffs, Third-Party Defendant Ferst acted in a manner that was negligent in the representation of Shlomo Gavey.

51.   Prior to August 1999, Third-Party Defendant Ferst did not properly act to collect and marshal and protect the assets of judgment creditor Abraham Gabay thereby causing waste to the assets of Abraham Gabay available to be levied upon in collection of the judgment.

52.   That in or about March of 2006, Third-Party Defendant Ferst resumed his representation of Plaintiff Shlomo Gavey.  That at the time Third-Party Defendant Ferst resumed his representation of Plaintiff Shlomo Gavey, he failed to take such action as was necessary to protect the assets of Haya Gabay and Abraham Gabay to pay and satisfy the obligations of both Haya Gabay and Abraham Gabay as issued in the various actions and by reason of the judgment.

53.   That by reason of the conduct of Third-Party Defendant Ferst as aforesaid, Third-Party Ferst is obligated to pay any sums for which judgment may be entered against Defendants/Third-Party Plaintiffs.

54.   That the actions and failures to take action and otherwise properly prosecute the claims of Plaintiff Shlomo Gavey by Third-Party Defendant Ferst have caused waste to the assets available towards reduction of the judgment.

55.   To the extent that actions of Third-Party Defendant Ferst have caused dissipation of the assets of Haya Gabay and Abraham Gabay, judgment is sought against him to the extent that judgment may issue against Defendants/Third-Party Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION

56.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 55 as if fully set forth herein.

57.   That at the time Plaintiff retained Defendants/Third-Party Plaintiffs, Third-Party Defendant Indurski, David and Ferst and Plaintiff had agreed that Third-Party Defendant Ferst would not continue in his representation of Plaintiff Shlomo Gavey, that Defendants/Third-Party Plaintiffs would be retained in place of Third-Party Defendant Ferst.

58.   It was further agreed that Defendants/Third-Party Plaintiffs would prosecute the underlying case to the point where the assets of Abraham Gabay were available for collection. Thereafter, Defendants/Third-Party Plaintiffs were discharged and Third-Party Defendant Ferst later resumed his representation of Plaintiff.

59.   That the agreement aforesaid was reached with the assistance and counsel of Arie E. David, Esq., the long time friend of Plaintiff Shlomo Gavey.

60.   That at the time Defendants/Third-Party Plaintiffs were retained, the true reason for the discharge of Third-Party Defendant Ferst was intentionally withheld.   That at the time that Plaintiff retained Defendants/Third-Party Plaintiffs, Third-Party Defendants agreed Plaintiff would use the services of Defendants/Third-Party Plaintiffs until such time as the work to allow collection of the judgment had been performed.  Once Defendants/Third-Party Plaintiffs provided those services, Defendants/Third-Party Plaintiffs would be discharged so that Plaintiff Shlomo Gavey could avoid the payment of legal fees to Defendants/Third-Party Plaintiffs.

61.    That by reason of the conduct of Third-Party Defendants Indurski, Ferst and David, Third-Party Defendants have been unjustly enriched, and as agents of Plaintiff Shlomo Gavey, have acted in a manner to induce Defendants/Third-Party Plaintiffs to represent Plaintiff Shlomo Gavey and expend time, effort and expense in the representation of Shlomo Gavey.

62.    That by reason of the conduct of Third-Party Defendants Indurski, Ferst and David, a judgment should be issued against them in favor of Defendants/Third-Party Plaintiffs in an amount to be ascertained, but in no event in an amount less than $500,000.00 and any sums for which Defendants/Third-Party Plaintiffs may be found obligated to Plaintiff Shlomo Gavey.

WHEREFORE, Defendants/Third-Party Plaintiffs, demand judgment dismissing the first-party action herein with costs, and further demands that in the event Plaintiff recovers, that the relative responsibilities of all parties be determined and apportioned amongst themselves, and further that the Defendants/Third-Party Plaintiffs obtain judgment as follows: On the first cause of action $500,000; on the second cause of action $500,000; on the third cause of action $500,000; and on the fourth cause of action $500,000, together with costs, expense and attorneys fees on each cause of action.

Dated: New York, New York
      July --, 2008

FURMAN KORNFELD & BRENNAN LLP


By:    A. Michael Furman
       Andrew S. Kowlowitz
       Attorneys for Plaintiffs/Third-Party Defendants
       545 Fifth Avenue, Suite 401
       New York, New York 10017
       Telephone No.: (212) 867-4100
       FKB File No.: 302.002

EXHIBIT B

# FURMAN KORNFELD & BRENNAN LLP

545 Fifth Avenue, Suite 401, New York, NY 10017

Tel: 212-867-4100 Fax: 212-867-4118

www.fkbllp.com

July 29, 2008

**VIA FACSIMILE 212-683-8354**

Nathan M. Ferst, Esq.
350 Fifth Avenue, Suite 1000
New York, New York 10118

Re:  *Shlomo Gavey v. Israel Goldberg et al.*
United States District Court, Southern District of New York
Civil Action No.: 08 CV 3000 (JES)
FKB File No.: 302.002

Dear Mr. Ferst:

We write in response to your letter dated July 2, 2008, wherein you have demanded that that the defendants comply with plaintiff's discovery demands, including responding to document demands and appearing for depositions.

As you are aware, on July 22, 2008, the defendants wrote the Court seeking leave to file a third-party complaint against yourself, Abraham Indurski, Esq., and Arie E. David, Esq. pursuant to Fed. Rule Civ. Proc. 14. Yesterday, July 28, 2008, the Court instructed the defendants to submit motion papers in support of their application on or before August 22, 2008.

Given the possibility that the above-noted parties may become litigants, we believe it is imprudent to proceed with discovery at this stage for several reasons:

1. The potential third-party defendants may indeed wish to engage in discovery themselves, including written discovery and deposing the defendants/third-party plaintiffs;

2. You may be disqualified from serving as counsel to plaintiff should the Court determine that you are a necessary party to the litigation;

3. Proceeding with discovery will result in waste/inefficiency if the potential third-party defendants are not involved in the process.

*Gavey v. Israel Goldberg et al.*
FKB File no. 302.002
Page 2

I am available if you wish to discuss the matter.

Very truly yours,

FURMAN KORNFELD & BRENNAN LLP

Andrew S. Kowlowitz